UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:19-CR-319-T-02CPT

ALBER VERGADA
_____/

## SENTENCING MEMORANDUM IN SUPPORT OF A VARIANCE

"Poverty is like punishment for a crime you didn't commit."— Eli Khamarov. Alber Vergada grew up learning to fish from his father. At times, he went to bed without dinner, and sometimes without lunch too. He loved his parents, and was heartbroken when he was sent away. The family could not afford to support all the children and sent him to live with his brother. His brother became a father figure to him, and he adjusted to his new reality. His brother did his best until he was murdered, living Alber adrift.

Alber returned to his parents, and struggled again with food

1

shortages. He learned to fish and left home to relieve his parents as soon as he could. He fished for days on end, sometimes bringing back nothing, and at most bringing home the equivalent of twenty U.S. dollars. Just like his father, he struggled to provide enough for his wife and children. And just like his parents, he had to send his daughter to his wife's family because he could not provide her with enough food.

Illiterate and struggling, he continued to persevere and work – until his child became ill. His daughter became sick with cancer and was forced to quit school. Exh. A. Alber Vergada wanted her to learn to read, as he never did. Instead, he watched her give up on school and fall sicker and sicker by the day. Desperate to help, the family took her to doctors, who all told them the same thing – she needed surgery, and it was going to cost a lot of money.

He went home. He sold all the appliances in his home. He sold all he could but it was not nearly enough. Then there were no more options. He did not have anything else to sell. He went to the marina, where he left to fish his whole life, desperate and empty. It was there he

was offered work – the equivalent of $1,418.70 (U.S.) up front and again on his return. The job -to be part of a crew on a go-fast vessel. Enough money to pay for his daughter's surgery and the scans his wife needed. If he could do this, she could live – and return to school. Alber Vergada agreed to the trip. He had never done anything like this trip before but he was desperate and out of options. What would one do to save their child? For Alber Vergada the answer was anything.

## U.S.S.G. GUIDELINE OBJECTIONS

**I.     Request for minor role under 3B1.2(2)**

Mr. Vergada accepts responsibility for his conduct as charged. For guideline purposes, however, he submits that the nature of his involvement makes him eligible for a 2-level mitigating role adjustment, pursuant to U.S.S.G. §3B1.2, which provides:

Based on the defendant's role in the offense, decrease the offense level as follows:

(a) If the defendant was a minimal participant in any criminal

activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels. In cases falling between (a) and (b), decrease by 3 levels.

Mr. Vergada submits that the level of his participation qualifies under subsection (b) as minor—i.e., he was "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." §3B1.2 cmt. n.5 (2018). Mr. Vergada's eligibility for a mitigating role adjustment is supported by the current language of U.S.S.G. §3B1.2, which was revised, effective November 1, 2015, by Amendment 794. In explaining the amendment, the Sentencing Commission noted with concern that the adjustment was being applied by courts "inconsistently and more sparingly than the Commission intended." U.S.S.G. Amendment 794 (emphasis supplied). In order to make the adjustment applicable to more low-level offenders, the amendment set forth a "non-exhaustive list of factors courts must consider in determining whether to apply a mitigating role adjustment."

These factors are as follows:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity.
>
> Amendment 794; U.S.S.G. §3B1.2 cmt. n.3 (Nov. 1, 2015-current).

**Factors (i)-(iv): understanding, planning, authority, discretion**

The first four factors in the current guideline address the defendant's understanding, planning/organizing function, decision-making authority, responsibility and discretion. Mr. Vergada engaged in very few to none of these executive functions. His participation was minor, hired to be crew on the go-fast vessel. Mr. Vergada never had ownership of the drugs and did not know or communicate with anyone involved in set up or delivery.

**Factor (v): benefit from the criminal activity**

5

Similarly indicative of Mr. Vergada's minor role is: "the degree to which the defendant stood to benefit from the criminal activity." As explained in the amended guideline, "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." §3B1.2 cmt. n.3(C) (emphasis supplied). Mr. Vergada's "certain task" was limited to making sure the boat did not sink, and general crew activities. In return, he expected to receive a set amount of money. Mr. Vergada had no proprietary interest—in fact no stake at all—in the supplier's business. The small amount of money he was to receive did not represent a percentage of the supplier's sales.

**"Indispensable" function**

In U.S.S.G. Amendment 794, the Sentencing Commission effectively clarified that being indispensable or essential "does not alter the requirement . . . that the court must assess the defendant's culpability relative to the average participant in the offense." U.S.S.G. Amendment 794. As currently stated, "The fact that a defendant

performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity." §3B1.2 cmt. n.3(C) (2017) (emphasis supplied).

An employee is likely not indispensable, as they are easily replaceable. Certainly, if Mr. Vergada was unable to be part of the crew, another struggling fisherman would have taken his place. Probation's position that the lowest possible level in an organization plays a 'pivotal role' is at odds with the Sentencing Commission's own descriptions. In a Report on Minimum Mandatories in 2017, the Sentencing Commission published a chart of roles in a drug conspiracy. Citing a range of ten differing roles, the role of employee/worker courier ranked 10th out of 10 in the hierarchy, and gives as an example "acting as a deckhand/crew member on vessel or aircraft used to transport large quantities of drugs". If Mr. Vergada does not qualify in the lowest spot in the hierarchy, then no one qualifies on a go-fast at all. And that is not the

position of the Sentencing Commission.

**Drug quantity**

Courts have sometimes denied mitigating role adjustments to persons transporting drugs, based on the quantity involved. Prior to Amendment 794, the guideline commentary provided that a transporter of drugs—accountable for the drugs he or she transported under relevant conduct—"is not precluded from consideration for an adjustment under [§3B1.2]." U.S.S.G. §3B1.2 cmt. n.3(A) (pre-2015 editions) (emphasis supplied). Since the amendment, the commentary states affirmatively that such offenders "may receive" a mitigating role adjustment. §3B1.2 cmt. n.3(A) (2015-current) (emphasis supplied). It is further instructive that in the list of factors the court must consider, not one of the five factors refers to drug quantity. §3B1.2 cmt. n.3(A) (2017). Under the current guideline, Mr. Vergada may not be denied a mitigating role adjustment simply on the grounds of drug quantity. See United States v. Cruickshank, 837 F.3d 1182, 1194-1195 (11th Circuit 2016) (In cocaine smuggling case, sentence vacated where district court

denied mitigating role adjustment based on drug quantity).

**Culpability compared to the "average participant"**

It is clear that Mr. Vergada was less culpable than all other known and unknown participants in the drug trafficking operation and specifically less culpable than his indicted and unindicted co-conspirators. The other obvious members of the conspiracy involved the recruiter, the owner of the narcotics, the captain of the venture as well as the people who planned to take delivery of the narcotics, and the buyer.

Alternatively, should the court decline to apply the adjustment, Mr. Vergada asks the court to consider his role as partial grounds for a downward variance, under 18 U.S.C. §3553(a)(1)—"nature and circumstances of the offense," as well as in tandem with the nature of the drug trafficking the guidelines in this case.

Additionally, as mentioned earlier, the Sentencing Commission devised an internal hierarchy of offender function to examine minimum mandatories in drug cases. The scale lists ten functions from the most

culpable role to the least (See Exh B)[1]. The top category is importer or high-level supplier, with the most minimal as employee/worker. As outlined in the PSR, Mr. Vergada is an employee/worker courier "acting as a deckhand/crew member on vessel or aircraft used to transport large quantities of drugs, which is tenth in culpability out of ten categories. Despite this type of guidance, the Probation Office contends in their response that he does not qualify for a role adjustment. Mr. Vergada clearly falls into the rock bottom category on offender functional roles.

II. **Mr. Vergada should receive a two level decrease for Safety Valve based on the clear Congressional directive of the First Step Act, as well as the suspension of the minimum mandatory**

USSG §2D1.1(b)(18) provides for a 2-level reduction for offenders who meet the safety valve criteria set forth in subdivisions (1)-(5) of §5C1.2. He met with agents, and told the truth of his involvement.

## 18 U.S.C. § 3553a FACTORS

The offense that brings Mr. Vergada before a crime borne of

---

[1] Id.

desperation. He is remorseful and sorry for his actions. He understands that the family he wished to save will now be without him for many years because of what he has done. He enjoys his family's complete support. They are devastated by the case, but remain supportive. He plans to return home to finish work on building his home in Colombia upon his release. While he is here serving his sentence, he would like to learn to read and write, as well as learn any skills that could earn him more money than fishing. He wishes to work and send money home if possible as well.

## CONCLUSION

For the reasons stated herein, Mr. Vergada, respectfully urges this Court to consider a sentence below his guideline range. A significant variance in sentence will be reasonable and will adequately take into account the advisory guideline range and the factors set forth at 18 U.S.C. § 3553(a), resulting in a fair and just punishment.

DATED this 22nd day of July, 2020.

Respectfully submitted,

JAMES T. SKUTHAN
ACTING FEDERAL DEFENDER

*/s Nicole Hardin*
Nicole Hardin
Assistant Federal Defender
Bar#:0026194
400 North Tampa Street, Suite 2700
Tampa, FL. 33602
Tel.:  (813) 228-2715
Fax:  (813) 228-2562
Email: Nicole_Hardin@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of July, 2020, a true and correct copy of the foregoing was furnished by using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to the following:

Diego Novaes, AUSA

*/s Nicole Hardin*
Nicole Hardin
Assistant Federal Defender